UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,     :     NO. 1:08-CV-00354
ex rel. MICHAEL DAUGHERTY,    :
                              :
        Plaintiff,            :
                              :     OPINION AND ORDER
    v.                        :
                              :
BOSTWICK LABORATORIES, et al. :
                              :
        Defendants.           :


        This matter is before the Court on Defendants' Joint
Motion to Transfer Venue Pursuant to 28 U.S.C. §1404(a) (doc.
82), Relator's response in opposition thereto (doc. 85), and
Defendants' reply in support thereof (doc. 86).  The Court held
a hearing on the motion on May 9, 2013, and, for the following
reasons, the Court DENIES Defendants' motion.

**I.  Background**

        The facts of this case are well-detailed in other
filings and will not be repeated here except as necessary for
this Order.  In brief, Relator filed his amended complaint in
this qui tam action on February 13, 2012, alleging that
Defendants Bostwick Laboratories and David Bostwick (i)
submitted false claims to Medicare, Medicaid and other

1

federally-funded programs for non-allowable lab services done without a physician's order and (ii) billed federally-funded healthcare programs for lab services unlawfully referred to Defendants in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b); the Stark Laws, 42 U.S.C. § 1395nn; and the False Claims Act, 31 U.S.C. §§ 3729-3733 (doc. 34). The Government, as well as the states of Florida, Georgia, Indiana, New York, Tennessee, Texas, Virginia and the District of Columbia declined to intervene (doc. 18).

Defendants filed motions to dismiss on January 9, March 22 and June 11, 2012. The Court denied those motions on December 18, 2012. Shortly thereafter, Defendant Bostwick Laboratories hired new counsel, and on February 15, 2013, nearly two years since the seal on the case was lifted, Defendants filed the instant motion to change venue. The Court notes that Relator properly filed this action in the Southern District of Ohio, and Defendants do not challenge the Court's jurisdiction; nor do they move to dismiss on the basis of improper venue. On the contrary, Defendants seek to transfer venue under 28 U.S.C. §1404(a).

Defendants argue that venue in the Eastern District of Virginia is appropriate because, while the company's

2

headquarters recently moved to New York, the accounting, finance, marketing, information technology, and human resources operations remained in their Virginia office.  In addition, Defendants note that Defendant Bostwick and seven other potentially key witnesses reside in or near the Eastern District of Virginia.  Further, Defendants argue that the proposed change of venue is appropriate because the state of Virginia, unlike the state of Ohio, has an interest in this action because the action is based on conduct that either allegedly occurred in Virginia or occurred pursuant to corporate policies that were formulated and issued from Virginia, whereas nothing in the complaint ties the case to Ohio.  Finally, Defendants note that the only connection this case has to Ohio is that Relator's counsel reside here, and convenience of attorneys is not an appropriate factor for the Court to consider in deciding the instant motion.

In response, Relator argues that the case should remain here because his choice of venue is entitled to deference; the case does have ties to Ohio because the alleged fraud occurred on a national basis; and to change venue would merely shift whatever inconvenience Defendants are faced with here to Relator.

**II.  The Legal Standard and the Court's Analysis and Conclusion**

3

"[T]he threshold consideration under § 1404(a) is whether the action 'might have been brought' in the transferee court." Kay v. National City Mortgage Co., 494 F. Supp. 2d 845, 849 (S.D. Ohio 2007). "Once it is determined that a case could have been brought in the transferee court, the issue becomes whether the transfer is justified under the balance of the language of Section 1404(a)." Jamhour v. Scottsdale Ins. Co., 211 F. Supp. 941, 945 (S.D. Ohio 2002).

Under 28 U.S.C. § 1404, a district court may transfer a civil action to any other district where the action may have been brought for the convenience of the parties or witnesses. "In order for a transfer to take place, the Defendant must make a strong showing of inconvenience to warrant upsetting the Plaintiff's choice of forum." Hobson v. Princeton-New York Investors, Inc., 799 F.Supp. 802, 805 (S.D. Ohio 1992). "A plaintiff's choice of forum is given great weight." Id. at 804.

When considering a motion to transfer venue, a district court should consider the convenience of the parties, the convenience of potential witnesses, and the interests of justice. Moses v. Business Card Express, Inc., 929 F.2d 1131, 1137 (6th Cir. 1991). Venue should not be transferred unless these factors weigh heavily in favor of the defendant. West American Insurance v. Potts, 1990 U.S. App. LEXIS 12513 at *6

4

(6th Cir. July 25, 1990).   Indeed, as this Court has previously noted, 28 U.S.C. § 1404 does not allow for transfer to a forum that is equally convenient or inconvenient, nor does it allow for transfer if that transfer would only shift the inconvenience from one party to another.   United States ex rel. Roby v. Boeing Co., 1998 U.S. Dist. LEXIS 22456 at *5 (S.D. Ohio Jan. 21, 1998).

        No one disputes that this case could have properly been brought in the Eastern District of Virginia, so the first component of the test is easily met.   However, Defendants have not made the requisite strong showing of inconvenience.   It may be true that the Eastern District of Virginia would be more convenient for Defendants, but that is not the question the Court must answer.   Instead, Defendants must show that they would be strongly inconvenienced if the case were to remain here, not that they would be strongly "convenienced" were the case to be transferred.   According to Defendants, the majority of witnesses are located in or near Virginia.   However, Relator notes that the final witness list is not complete and that witnesses are scattered across many states, meaning that, regardless of the venue, either the witnesses or the lawyers will have to travel.   Similarly, Defendants contend that the change in venue is supported by the fact that most of the

documentary evidence is located in Virginia. But Relator notes that nearly all of the documents will be produced electronically, which means that the location of the original documents is essentially irrelevant and certainly does not tip the scale "strongly" towards Defendants' choice of venue.

Finally, the Court cannot escape the concern that the instant motion is merely an attempt to forum shop. To be seeking a new venue just after this Court denied Defendants' motions to dismiss simply raises this red flag. It may be a purely innocent motion, but the Court nevertheless cannot help but question the timing. In addition, the Court notes that Defendants have tried to frame the question of venue as being about convenience for Relator's counsel, a factor that Defendants properly note should not affect this Court's deliberation on the instant motion. The Court is unmoved by this argument. While it is true that Relator's counsel are located here, that does nothing to show that Defendants would be strongly inconvenienced by the case remaining here. Indeed, if anything, a change in venue would force Relator to either hire new counsel or to, minimally, hire local counsel, which, as he notes, impermissibly shifts the burden of inconvenience to him.

A district court has broad discretion when considering motions to transfer venue under 28 U.S.C. § 1404. <u>Hayes v.</u>

6

<u>Chesapeake & Ohio Railway Co.</u>, 374 F. Supp. 1068 (S.D. Ohio, 1973).  After reviewing the facts of this case, this Court is not satisfied that the Defendants have made a strong showing of inconvenience by Relator's choice of forum.  Therefore, the Court DENIES Defendants' Joint Motion to Transfer Venue (doc. 82).


        SO ORDERED.


Dated:  May 23, 2013          s/S. Arthur Spiegel_____
                              S. Arthur Spiegel
                              United States Senior District Judge